## HUGHEY v. KELLAR.

1. ASSAULT AND BATTERY—PLEADINGS.—The complaint alleged an aggravated assault by defendant, and the answer, not denying the charge, alleged "that the plaintiff and his wife first assaulted the defendant, who thereupon necessarily committed the acts complained of in self-defence." *Held*, that while the answer admitted the complaint, it sufficiently stated matters in avoidance which, if true, constituted a legal defence.

Before ALDRICH, J., Abbeville, April, 1890.

Action by Thornton Hughey against J. Frank Kellar, commenced in September, 1888. The opinion states the case.

*Messrs. Graydon & Graydon,* for appellant, *cited* Code, § 170;
8 Abb., 37; 9 How. Prac., 150; 16 N. Y., 297, 307.

*Messrs. Parker & McGowan,* contra, *cited* the same authorities and also 2 Abb. Forms, 129, 131; 2 Estee Plead., 612; 14
How. Prac., 46.

August 11, 1891.   The opinion of the court was delivered by
MR. JUSTICE McIVER.   The action in this case was brought
by plaintiff against the defendant to recover damages for an alleged assault and battery committed upon him by the defendant.
In his complaint the plaintiff alleges, "That on the 31st day of
May, 1888, the defendant committed a violent assault and battery upon him by shooting him with a double-barrelled shot gun
loaded with bird shot," and goes on to state the injury sustained
by him, as well as the amount of damages which he claimed.
The answer was in the following words: "That the plaintiff and
his wife first assaulted the defendant, who thereupon necessarily
committed the acts complained of in self-defence."   To this answer the plaintiff interposed an oral demurrer, upon the ground
that it does not state facts sufficient to constitute a defence.   The
Circuit Judge overruled the demurrer, and the trial proceeded
and resulted in a verdict for the defendant, and judgment having
been entered thereon, the plaintiff appeals upon the several
grounds set out in the record, which substantially make the single question whether the demurrer was properly overruled.

Section 170 of the Code provides that the answer must contain a general or specific denial of each material allegation controverted by the defendant, and section 189 declares that
every material allegation of the complaint not controverted by the answer in the manner prescribed, "shall, for
the purposes of the action, be taken as true."   These sections
also provide that the answer may, in cases where the facts warrant it, contain "a statement of any new matter constituting a
defence or counter-claim, in ordinary and concise language, without repetition;" and in a case where this is done, unless the new
matter pleaded as a defence amounts to a counter claim, the allegation of such new matter shall be deemed controverted by the

plaintiff as upon a direct denial. Looking at the pleadings in this case in the light of these provisions of the Code, it seems to us plain that the allegation in the complaint that the defendant had committed a violent assault and battery upon the plaintiff was admitted by the omission of the defendant in his answer to deny such allegation; and that the only issue presented by the pleadings was whether the statement of the new matter by way of defence, which must have been deemed controverted by the plaintiff, was true.

The only question, therefore, was whether the new matter stated in the answer was sufficient, if established to the satisfaction of the jury, to constitute a defence of the acts admitted by defendant to have been done by him, upon which the plaintiff bases his cause of action. As to this we cannot see how there can be a doubt. If the defendant was first assaulted by the plaintiff, and in self defence necessarily committed the acts complained of by plaintiff, it seems to us too clear for argument that the defendant had committed no violation of law; certainly none which would render him liable in damages to the plaintiff. There was no error in overruling the demurrer.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.